JOHN COLLINS, Appellant, *v.* SARAH JANE COLLINS, Respondent.

*Tenant for life of real estate — right of one interested in the remainder to prevent his alienating the estate.*

The complaint in this action alleged that E. K. Collins, the deceased husband of the defendant, conveyed to her through a third person certain real estate, under and in pursuance of a written agreement duly executed by the defendant, providing that, notwithstanding the conveyance, she should take but a life estate therein, and that at her death the same should revert to and become a part of the estate of E. K. Collins, the conveyance being made to give her the net income of the property during her life. The complaint further alleged that the said real estate had been exchanged for other property, with the understanding that the latter was to be held under the same agreement; that the defendant had sold a portion of the said property and mortgaged it to secure money loaned, and had converted the proceeds to her own use, and that she was a person of no pecuniary responsibility.

It further alleged that the plaintiff was the oldest son of one of the heirs of E. K Collins, deceased, and that he was largely interested in the estate, and that E. K. Collins was, at the time of his death, indebted to the plaintiff for money loaned.

*Held,* that the plaintiff could maintain an action to have the defendant restrained from conveying the property, and to compel her to account for the proceeds of the property sold and mortgaged.

*Moyer* v. *Moyer* (21 Hun, 67) followed.

APPEAL from a judgment dismissing the complaint entered upon the trial of this action by the court without a jury.

*W. T. Birdsall,* for the appellant.

*Philip Jordan,* for the respondent.

BRADY, J.:

The complaint alleges that one Edwin K. Collins, the husband of the defendant, and the defendant herself, executed and delivered to one Jacob Holwegs, a deed of certain property in Westchester county, and that at the time of such conveyance the property mentioned in the deed belonged to Edwin K. Collins; and further, that the said Jacob Holwegs and his wife conveyed the same property to the defendant, and that such conveyances were executed under and in pursuance of a duly executed declaration and agreement in

writing, made by the defendant, that she was to hold the property during her life, and that notwithstanding such conveyances she took but a life estate therein, and at her death the same would revert to and become a part of the estate of the said Edwin K. Collins; and further, that the said conveyances were made only for the purpose of giving to the defendant the net income of the property during her life. The complaint further alleges that an exchange was made of that property for property in the city of New York, which was duly conveyed to the defendant by the person with whom the exchange was made; and it is further alleged that such conveyance was made also upon the understanding and agreement, between Edwin K. Collins and herself, and a duly executed declaration by the defendant, that the property then conveyed to her was held in the same manner and for the same purpose only as the property which was exchanged. The plaintiff then alleges the death of Edwin K. Collins, leaving him surviving the said defendant and various heirs at law. He further alleges that the defendant has sold a portion of the property and mortgaged it to secure the payment of a sum of money named, and has wrongfully converted the moneys arising from such proceeds to her own use. He also alleges that the defendant is a person of no pecuniary responsibility, and unless restrained he fears that she will convert the property into cash; that she has no means to respond to the estate for her misappropriations; that he is the oldest son of one of the heirs of the said Edwin K. Collins, deceased, and largely interested in his estate. He further alleges that Edwin K. Collins was at the time of his decease indebted to him for moneys loaned and advanced, no part of which has been paid. He also alleges that the conveyances to the defendant were made without consideration.

The defendant denies that the deeds mentioned were without consideration. She alleges that there was a consideration of $15,000 given by her several years prior to the date of the conveyance, and Edwin K. Collins was not, at the time of the conveyance executed by him, the owner of the property. She denies that there was any declaration or agreement ever made by her to hold it as alleged in the complaint, and alleges that the conveyances were made to vest in her an absolute ownership of the fee, and that ever since the conveyance she has been the owner in fee of the property in this

city ; and further, that neither her deceased husband nor any person whomsoever besides herself has any right, claim or interest in such property. She denies that Edwin K. Collins made any trade at all, and asserts that every transaction in regard to the sale or exchange was made by her as the owner in fee. She admits selling and mortgaging the property charged in the complaint, but denies that she has unlawfully or wrongfully converted the moneys to her own use. She also denies that she is a person of no pecuniary responsibility, and charges that the plaintiff has no interest in that question, and that neither he nor any other person has any right, title or interest to the property mentioned and described in the complaint, of which she is the sole and absolute owner. She denies also that the estate of Edwin K. Collins is indebted to the plaintiff or that any accounting was had between the plaintiff and her husband deceased, and alleges that, in addition to being the sole and absolute owner of the premises mentioned and described, she is a creditor of the estate to the amount of $5,600. Upon the issues thus created the case was brought to trial at the Special Term, whereupon the plaintiff moved to amend the complaint, by alleging that he was ignorant of the transfers alleged in the complaint in the action or the arrangement under which the sale was made, until after the death of his father. The motion was denied and an exception taken. It appears from the case as submitted that thereupon the defendant's counsel moved to dismiss the complaint upon the pleadings, which motion was granted and an exception taken. The grounds on which the motion was predicated are not stated, and no reason is assigned by the learned justice presiding at the trial why the complaint was dismissed. From the points submitted on behalf of the respondent it would seem, however, that the complaint was assailed because there was an allegation of an executed declaration and agreement, in reference to the defendant's holding the property, without giving its contents or dates, and that it was claimed by the plaintiff's own showing that the defendant was entitled to hold the property during life, and such being the case the plaintiff had no standing in court because he was not a judgment-creditor, invoking the rule that a creditor at large has no *status* in a court of equity, and the right of a judgment-creditor depends upon the fact of his having exhausted his legal remedy.

These grounds would seem ordinarily to be sufficient to justify the disposition of the case made at Special Term. But the case of *Moyer* v. *Moyer* (21 Hun, 67), decided in the Fourth Department, is an authority for the maintenance of the action in its present form. In that action there was a conveyance of property by the owner, who occupied it with his wife and family, to his son, the defendant, upon the verbal understanding and agreement that the farm should be kept and held by the latter as a home for the family during the minority of the children, and when the youngest child should come of age it or its proceeds should be divided among them all. The defendant repudiated the trust, asserted that the farm was conveyed to him after the father's decease, and claimed to be sole owner; whereupon an action was brought by one of the children to have it adjudged that he held the farm as trustee for the surviving children, and to compel him to convey to them their respective shares therein. The court held, upon a consideration of these facts and upon all the authorities bearing upon the questions springing from them, that the judgment of the referee in favor of the plaintiff should be confirmed. That case is regarded as decisive of the present one, and as having imposed upon the learned judge presiding in the court below the duty to hear the evidence relating to the issues, and to determine upon such evidence whether the plaintiff's case was established or not. If the defendant were not pecuniarily responsible, it was a proper case, during her life, for an injunction restraining her from making any disposition of the property. And, indeed, whether she were insolvent or not, if she occupied such a relation towards the heirs-at-law of Edwin K. Collins, as asserted, she should not be permitted to dispose of the property, for she was invested with a conditional or qualified title only.

For these reasons it is thought, without any more extended consideration of the case, that the judgment of the court below should be reversed and a new trial ordered, with costs to abide the event.

Davis, P. J., and Daniels, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.